FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIKKOLAI ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOTT STREET ) <br> ) <br> ) <br> Defendant. ) | Case No. 20-cv-7721 <br><br> Plaintiff Requests Trial by Jury |

## COMPLAINT

Plaintiff, NIKKOLAI ANDERSON, by and through her attorney, the Law Office of Sean Brown, for her Complaint against defendant, MOTT STREET, allege as follows:

## PARTIES

1. This is a proceeding for declaratory and injunctive relief and damages to redress the deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. '2000e et seq. ("Title VII").

2. Plaintiff NIKKOLAI ANDERSON is an African American female and is a resident of Chicago, Cook County, Illinois.

3. Defendant MOTT STREET is a domestic corporation incorporated under the laws of the State of Illinois.

4. Defendant Mott Street operates the Mott Street restaurant in Chicago, Cook County, Illinois and does business within this judicial district.

5. At all relevant times, the Plaintiff worked at the Chicago Mott Street restaurant where she was subjected to - and worked within - a hostile working environment.

## JURISDICTION AND VENUE

6. This action arises under Title VII, 42 U.S.C. 2000e-5 and 42 U.S.C. § 1981 and § 1981a.

7. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331, 1337, and 1343(a).

8. This Court has personal jurisdiction over defendant as it is a resident of Illinois, and all actions complained of herein occurred in Illinois.

9. Venue is proper in this district because the unlawful employment practices stated herein were committed within the Northern District of Illinois.

10. Defendant Mott Street does business in this judicial district.

11. Defendant further constitutes an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e-(b), based on their engagement in an industry affecting commerce and their employment of fifteen (15) or more employees for each workup day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

12. Prior to filing this civil action, the Plaintiff timely filed written charges under oath asserting employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). The Plaintiff received a notice of Right to Sue. (Exhibit A).

13. The Plaintiff timely filed this action in federal court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. The Plaintiff is asserting claims for sex discrimination and sexual harassment under Title VII, as well as claims on other bases.

15. The EEOC investigated Plaintiff's allegations, and, as a result of those investigations, the EEOC has issued findings in the form of a Determination which states:

> I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against the Charging Party and a class of individuals because of their sex, female, when they were subjected to sexual harassment, in violation of Title VII. I have further determined that Respondent retaliated against the Charging Party when she was discharged, in violation of Title VII. (Exhibit B.)

2

16. Mott Street has engaged in a pattern and practice of discrimination, harassment, and retaliation, and the Plaintiff has been subjected to harassment, discrimination and a hostile working environment including, but not limited to:

   a. Unwelcome and unwanted sexual advances;

   b. Unwanted and unwelcome touching and groping by employees and restaurant patrons;

   c. Being subjected to jeers, lewd comments, and sexual suggestions;

   d. Being stared at by male employees who were focused on certain parts of Plaintiff's body;

   e. Being subjected to comments or offers of sexual contact or males telling Plaintiff what they could or would like to do for Plaintiff or to Plaintiff;

   g. Being subjected to men making Plaintiff touch their genitals over their clothing;

   h. Being ridiculed for having complained and/or being admonished not to complain in the future;

   i. Plaintiff was referred to as "bitch" on an ongoing basis.

   j. Male employees would routinely make crude and lewd comments directed at Plaintiff, such as "You have a nice ass? You have nice titties. Are your titties fake?"

   k. Plaintiff and other female employees were subjected to whistles, offensive touching, and gazing on a daily basis.

   l. In many instances, this harassment occurred in the presence of the managers and Mott Street would take no disciplinary action, or insufficient action, against employees who engaged in such sexually offensive conduct.

   m. The male employees were typically assigned better work schedules;

3

n. Male employees were allowed to take time off or be late without impunity, while Plaintiff and other female employees were not given the same treatment.

o. Male employees routinely made discriminatory and harassing remarks and gestures in front of supervisors and managers who took no action to discipline employees, or to eradicate the harassment or maintain an appropriate workplace environment.

n. Mott Street was aware of the ongoing discrimination and harassment which occurred on a daily basis in an open manner, such that it was observed by employees and managers, and Mott Street turned a blind eye toward it.

## TITLE VII

## COUNT I: SEXUAL HARASSMENT

17. Plaintiff realleges and incorporates herein by reference paragraphs one to seventeen (1-17) as if set forth in full herein.

18. Plaintiff started working with Mott Street in October of 2015.

19. Plaintiff has been sexually harassed, discriminated against and has been subjected to a sexually offensive and hostile working environment in the following ways:

   a. A male co-worker named Gabe grabbed Plaintiff's hand and placed it on his genitals over his clothes.

   b. On or about February 12, 2017, Gabe grabbed Plaintiff's buttocks and told her, "You have a nice butt." Gabe performed similar acts to Plaintiff that same year on or about the dates of March 11th, April 22nd, and again on or about May 19th.

   c. Male co-workers and patrons of the restaurant touched, caressed, and squeezed Plaintiff's body in ways that were offensive, unwanted, and sexually harassing.

    d.  Restaurant patrons and co-workers, to wit: Charles, Sam, and Mike, regularly referred to Plaintiff as a bitch.

    e.  Restaurant patrons and co-workers, to wit: Matty, Gabe, and Mike, would regularly rub their hands on Plaintiff and touch her waist, breasts, or buttocks without her consent and in a sexually offensive manner;

    f.  Male co-workers regularly made lewd and offensive statements to Plaintiff;

    g.  Male employees requested sex or sexual acts from Plaintiff which were offensive, unwanted, and sexually harassing.

20. Plaintiff complained about the harassment, discrimination and the events described above to managers and owners but to no avail.

21. Plaintiff was simply told by managers that she could change positions.

22. Despite Plaintiff's complaints, Mott Street did not take appropriate or timely remedial action.

## TITLE VII

### COUNT II: SEXUAL DISCRIMINATION

23. The Plaintiff incorporates by reference the allegations contained in paragraphs one to twenty-three (1-23) as if set forth in full herein.

24. Plaintiff and other women have been treated differently than their male counterparts.

25. Plaintiff and other women have been subjected to discriminatory comments from supervisors and co-workers, which have not been directed to male counterparts, and which males are not required to endure as a condition of their employment.

26. The Plaintiff has been subjected to comments of a derogatory nature concerning her menstrual cycle. For instance, one of the managers, Nathaniel Chung, asked Plaintiff, "Are you on your period? You must be on your period."

5

## TITLE VII

### COUNT III: RETALIATION

27. Plaintiff realleges and incorporates herein by reference paragraphs one to twenty-seven (1-27) as if set forth in full herein.

28. The Plaintiff has been retaliated against for complaining about the work environment which offered no protection to her from groping, sexual advances by employees and restaurant patrons, and lewd and offensive comments of a sexual nature.

29. Nathaniel Chung, one of Mott Street's managers, terminated Plaintiff from her job on September 28, 2017 in retaliation for her repeatedly complaining to Mott Street mangers about the sexual harassment and demeaning work environment.

30. Mott Street's retaliatory acts against Plaintiff constitute materially adverse employment actions.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-two (1-32) as if set forth in full herein.

32. The Defendant, through its owners, managers, and employees, intended to cause severe emotional distress in the Plaintiff.

33. The Defendant's conduct and the conduct of its owners, employees, and managers was extreme, outrageous and beyond the bounds of moral decency.

34. The Defendant's conduct and the conduct of its managers and employees was so outrageous that no reasonable person could be expected to endure it.

35. As a result of the Defendant's conduct and the conduct of its managers and employees, the Plaintiff suffered severe emotional distress.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully request that this Court provide the following equitable and monetary relief:

a. Order Mott Street to implement effective steps to eliminate and remediate harassment and discrimination in the workplace;

b. Enjoin Mott Street from discriminating or harassing the Plaintiff and other employees;

c. Appoint a monitor to supervise workplace conditions for a period of at least 5 years;

d. Retain jurisdiction for the monitoring period to enforce the terms of any injunction, agreement, or order;

e. Award back pay, lost future earnings, and reimbursement for income and fringe benefits to the present;

f. Award compensatory damages;

g. Award punitive damages;

h. Award prejudgment interest;

i. Award reasonable attorney's fees and expert witness fees and expenses and other costs;

j. Grant such other relief as the Court deems equitable and just.

RESPECTFULLY SUBMITTED,

/s/ *Sean Brown*
Sean Brown
Plaintiff's Attorney
The Law Office of Sean Brown
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Tel: 312-675-6116
Fax: 312-675-6001
attorneyseanbrown@gmail.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing Complaint will be served upon the following, or an agent thereof, via personal delivery by an individual over the age of 18 who is not a party to this action, and that a notice certifying the same will be filed upon service.

MOTT STREET
C/O LEMA KHORSHID
200 W SUPERIOR ST STE 410
CHICAGO , IL 60654

/s/ *Sean Brown*

Sean Brown
Attorney for Plaintiff

8